Pandolf *v.* Seneca Coal Co. (et al., Appellant).

Argued November 13, 1950. Before HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ. (RHODES, P. J. and GUNTHER, J., absent).

*Karl E. Weise,* with him *Hirsch & Weise,* for appellant.

*Rosen & Rosen, Irwin M. Ringold,* and *Walter A. Kieler,* for appellee.

OPINION BY ARNOLD, J., March 12, 1951:

In this workmen's compensation case the insurance carrier appeals from an award against it and the claimant's employer. The court below affirmed the board, which found the insurance carrier liable, and the latter appeals because it was held liable under the policy, but does not attack the award to the claimant.

The appellant issued to the employer a policy of workmen's compensation insurance, which by its *express* terms expired April 1, 1947. The claimant was injured April 29, 1947. The insurance carrier was held liable on the theory of estoppel to deny it was bound. This in turn rested on the fact that the employer had never received notice that the compensation insurance was not in force, and that it expected or believed that the policy was self-renewing unless it was notified. The insurance agent testified that in ordinary practice the renewal policy is sent out at least a month prior to expiration.

The case is ruled by *Chell v. Harry Brodsky Decorating Co., Inc., et al.,* 138 Pa. Superior Ct. 139, 10 A. 2d 127, in which there was more reason for holding the carrier liable than in the instant case, since a portion of the new premium had been paid. In the *Chell* case the rule was stated: ". . . the term of this policy ended automatically. No insurance was then in force. It was necessary, if the insurance was to be continued, for the Insurance Fund to issue either a new policy or a certificate of renewal. It did neither . . . We are of the opinion that the mere acceptance of the defendant's check [for part of the premium] did not require the

Insurance Fund to antedate its policy to make the coverage relate back to an earlier date; and that there was no legally competent evidence to justify the finding of the board that the policy 'was in fact renewed and was in full force and effect on the date of the accident.' " We may add that the compensation authorities and the court below relied on matters of statute or policy which related only to *cancellation* and *not to a renewal.*

The judgment against Eureka Casualty Company, insurance carrier appellant, is reversed. The judgment against the Seneca Coal Company is affirmed.